**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-2083**

COVENANT MEDIA OF SOUTH CAROLINA, LLC,

                    Plaintiff - Appellant,

          v.

TOWN OF SURFSIDE BEACH,

                    Defendant - Appellee.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(4:05-cv-02029-TLW)

Argued:  January 27, 2009               Decided:  April 2, 2009

Before NIEMEYER, TRAXLER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Edward Adam Webb, WEBB LAW GROUP, L.L.C., Atlanta, Georgia, for
Appellant.   Andrew Lindemann, DAVIDSON & LINDEMANN, P.A.,
Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Covenant Media, Inc., appeals from the district court's rejection of its action challenging the constitutionality of the Town of Surfside Beach's sign ordinance. Finding no error that warrants reversal, we affirm the district court's order granting summary judgment in favor of the Town.

I.

Prior to October 2006,[1] the Town had in force an ordinance that required the issuance of permits before most on- or off-premises signs could be constructed. Broadly speaking, the ordinance treated all off-premises signs as billboards. Billboards could be placed only on vacant lots within a designated area (in a "C-1 highway commercial" zoning district). There could be only one billboard per vacant lot, and no more than 12 billboards could be located within the Town limits. The ordinance also established various size and set-back restrictions.

According to the allegations of its complaint, Covenant submitted a complete sign application package to the Town on

_____

[1] The Town enacted a new sign ordinance that became effective on October 24, 2006. No issue regarding the new ordinance is before this court.

December 2, 2004, but the Town never responded to the application. Although the Town contends that it never actually received the 2004 application, we will assume, in light of the procedural posture of this case, that Covenant did in fact file the permit application with the Town and that the Town failed to act on the application.

Covenant did not contact the Town to check on the status of its application, but instead commenced this action in July 2005. Covenant claimed that the ordinance was unconstitutional because it impermissibly favored commercial speech over noncommercial speech, did not provide a time limit for acting on permit applications, and did not set forth its purpose, as required by the Supreme Court in Central Hudson Gas & Electric Corp. v. Public Service Commission, 447 U.S. 557 (1980).

In October 2005 (after the filing of its complaint), Covenant submitted nine more applications for billboards. The 2005 sign applications did not comply with the requirements of the sign ordinance – for example, the proposed signs would have violated the setback requirements, would have been located on lots that already contained a permitted sign, and would have exceeded the limit of 12 billboards inside Town limits. The Town therefore denied all of the 2005 applications. During the course of this litigation, Covenant provided the Town with a copy of the 2004 application. The Town submitted an affidavit

3

stating that it would have denied the 2004 application for largely the same reasons that it denied the 2005 applications.

The district court granted summary judgment in favor of the Town, concluding that the 2004 sign application would have been denied because it did not comply with constitutionally unobjectionable portions of the ordinance and that Covenant thus lacked standing to challenge the handling of the 2004 application.[2]  This appeal followed.


                              II.

On appeal, Covenant first contends that the district court erred by concluding that it lacked standing.  We agree.

The jurisdiction of federal courts extends only to actual cases and controversies.  See U.S. Const., art. III, § 2, cl. 1. "A justiciable case or controversy requires a plaintiff who has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal court jurisdiction and to justify exercise of the court's remedial powers on his behalf."  White Tail Park, Inc. v. Stroube, 413 F.3d 451, 458 (4th Cir. 2005) (internal quotation marks omitted).  A plaintiff

_____

[2] Covenant did not amend its complaint to include claims challenging the denial of the 2005 applications, and the district court's order considered Covenant's claims with regard to the 2004 application only.  We likewise limit our analysis to the 2004 application.

4

has standing – that is, a sufficient personal stake in the controversy – if the plaintiff can show an "injury in fact," a "causal connection between the injury and the conduct complained of," and "a likelihood that the injury will be redressed by a favorable decision." Covenant Media of South Carolina, LLC v. City of North Charleston, 493 F.3d 421, 428 (4th Cir. 2007) (internal quotation marks omitted).

Our decision in Covenant Media controls the standing question. As in Covenant Media, Covenant here was injured by a delay in the processing of its permit application, an injury that Covenant contends was caused by a constitutional defect in the Town's ordinance. If we were to accept Covenant's argument in that regard, the injury would at least be redressable by an award of nominal damages. Covenant therefore has standing to pursue its claim. See id. at 428-29.

III.

Although the district court erred in determining that Covenant lacked standing, we nonetheless conclude that Covenant's claims fail on the merits and that the district court therefore properly granted summary judgment to the Town. See Blum v. Bacon, 457 U.S. 132, 137 n.5 (1982) ("It is well accepted . . . that without filing a cross-appeal or cross-petition, an appellee may rely upon any matter appearing in the

5

record in support of the judgment below."); Covenant Media, 493 F.3d at 430-31.

## A.

As to Covenant's facial challenges to the ordinance, see id. at 431 (considering both facial and as-applied challenges after determining that Covenant had standing), Covenant first argues that the ordinance violates the First Amendment because the ordinance itself does not include a clause setting forth the purposes the ordinance was intended to serve. See Central Hudson, 447 U.S. at 564 (holding that a restriction on commercial speech must directly advance a substantial governmental interest). This court, however, has never required that a challenged ordinance include an explicit declaration of the underlying governmental purposes, nor do we believe that such a requirement is implicit in the Central Hudson standard. Cf. Bolger v. Youngs Drug Prods. Corp., 463 U.S. 60, 70-71 (1983) ("The Appellants do not purport to rely on justifications for the statute offered during the 19th Century. Instead, they advance interests that concededly were not asserted when the prohibition was enacted into law. This reliance is permissible since the insufficiency of the original motivation does not diminish other interests that the restriction may now serve." (footnotes omitted)). The absence of an explicit statement of purpose in the billboard ordinance therefore does not render the

6

ordinance invalid under Central Hudson.  Moreover, the purposes asserted by the Town – promoting traffic safety and aesthetics – are substantial governmental interests that are directly advanced by the ordinance.  See Georgia Outdoor Advertising, Inc. v. City of Waynesville, 833 F.2d 43, 46 (4th Cir. 1987) ("It requires neither elaboration nor citation to say that an ordinance regulating billboards is likely to advance the objective of enhancing the beauty of a city, and that no less intrusive method would adequately protect the city's interest.").

Covenant also contends that the ordinance is unconstitutional because it does not require the Town to act on a permit application within a specified time.  See Freedman v. Maryland, 380 U.S. 51, 58-59 (1965).  In Covenant Media, we found North Charleston's ordinance to be content-neutral and thus not subject to the Freedman procedural-safeguard requirements.  See Covenant Media, 493 F.3d at 435.  The ordinance at issue here is in all relevant respects functionally identical to the ordinance in Covenant Media, and we likewise conclude that the ordinance is content-neutral and thus need not include the decision-making timeframe required by Freedman. Accordingly, we reject Covenant's facial challenges to the ordinance.

7

B.

Finally, we consider Covenant's as-applied challenge, which is based on the Town's delay in processing the December 2004 permit application. Although we have concluded that the ordinance was not required to contain the procedural safeguards set out in Freedman, "a decisionmaker cannot use the absence of such requirements to stifle free expression." Covenant Media, 493 F.3d at 435. Accordingly, we must determine whether the Town "applied the absence of time limitations in [the ordinance] in such a manner to stifle Covenant's First Amendment rights." Id.

As we explained in Covenant Media, Covenant must show conduct beyond mere negligence in order to establish a violation of its First Amendment rights. See id. at 436. Despite being on notice that the Town was seeking summary judgment on the merits of its claims and having an opportunity to engage in discovery, Covenant has presented no evidence that the Town's actions were anything beyond negligence. "Thus, because negligent conduct is not enough to support a First Amendment claim against government officials, the absence of anything but negligence proves fatal to Covenant's as-applied challenge." Id. at 437.

8

IV.

Although we disagree with the district court's conclusion that Covenant lacked standing to assert its challenges to the ordinance, we nonetheless conclude that Covenant's challenges fail on the merits. Accordingly, we hereby affirm the district court's grant of summary judgment in favor of the Town.

AFFIRMED